U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 2 6 2007
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | |
|---|---|
| RYAN HEATH DICKSON,<br>　　　　*Plaintiff,*<br>v.<br><br>BRAD LIVINGSTON, Executive Director,<br>Texas Department of Criminal Justice,<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>CHARLES O'REILLY, Senior<br>Warden, Huntsville Unit,<br>Huntsville, Texas,<br><br>HAL MINOR, Presiding Judge,<br>47th District Court, Potter County, Texas,<br><br>*and,*<br><br>UNKNOWN EXECUTIONERS,<br>　　　　*Defendants* | No. 2:07-CV-079-J<br>(Death Penalty Case) |

**AMENDED MEMORANDUM OPINION AND ORDER**
**DENYING CLAIMS AND DISMISSING CASE**

The Fifth Circuit Court of Appeals having transferred the manner-of-execution challenge back to this Court for decision, the Court hereby re-enters its memorandum opinion and order denying Plaintiff Ryan Heath Dickson's motion for a stay of execution as well as all of his claims for relief, and dismisses this case.

Texas death row inmate Ryan Heath Dickson ("Plaintiff" and "Dickson") has filed a Complaint pursuant to Title 42, United States Code, Section 1983. Defendants are Brad Livingston, the Executive Director of the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ-

CID"), Nathaniel Quarterman, the Director of the TDCJ-CID, Charles O'Reilly, the Senior Warden of the Huntsville Unit of the TDCJ-CID, Hal Minor, Judge of the 47th Judicial District Court of Potter County, Texas, and unknown executioners. For the reasons set forth below, the Court again denies each of the claims in this petition for injunctive relief.

On November 27, 1994, Ryan Heath Dickson murdered Carmelo Surace and his wife Marie in the course of their robbery in Potter County, Texas. A jury convicted Dickson of capital murder, and assessed his punishment at death by lethal injection. *See State v. Dickson*, No. 38,005-A (47th Dist. Ct., Potter County, Tex. Dec. 11, 1997). The case was appealed to the Texas Court of Criminal Appeals which affirmed the judgment of conviction and sentence of death in a published opinion. *See Dickson v. State*, No. 73,044 (Tex. Crim. App. 2000).

A petition for habeas corpus in state court was filed on October 22, 1999, and after conducting an evidentiary hearing the trial court entered findings of fact and conclusions of law on September 20, 2000, recommending that relief be granted, but the Texas Court of Criminal Appeals denied relief in a written order. *See Ex parte Dickson*, Writ No. 47,314-01 (Tex. Cr. App. Feb. 21, 2001). Subsequently, Dickson filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on November 6, 2001, which was denied on March 23, 2005. *See Dickson v. Dretke*, 2:01-CV-00095-J (N. D. Tex.). The Court of Appeals affirmed the denial of relief. *See Dickson v. Quarterman*, No. 05-70032 (5th Cir. 2006). On January 3, 2007, a motion for out of time petition for writ of certiorari to the Supreme Court was filed, which was denied on February 20, 2007. On January 24, 2007, the State of Texas scheduled his execution for April 26, 2007. Dickson waited until the day of his execution, April 26, 2006 to file the instant Complaint.

### *Claims*

Dickson complains that the Texas method of execution and related procedures violate his rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment, and unspecified constitutional rights to confront his executioner, to knowledge of the execution protocols, to a licensed medical doctor to administer the lethal injections and to object to the setting of an execution date. Specifically, Dickson complains that the defendants are acting with deliberate indifference to his medical needs in proceeding to execute him by a lethal injection method that intolerably and unnecessarily risks that he will experience extreme and purposeless pain during the administration of his death sentence by injecting him with wholly unnecessary drugs and without ensuring that appropriate medical procedures will be used.

In support of his claims, Dickson states that the defendants are given discretion under Texas law to design the protocol for the administration of a death sentence by lethal injection, including which drugs will be injected to execute the sentence. Dickson alleges that the protocol involves the injection of three chemical substances in succession: sodium pentothal, pancuronium bromide, and pottassium chloride in a manner likely to produce extreme and unnecessary pain.

### *Method of Execution Claims*

The Supreme Court has not determined whether civil rights suits to enjoin the use of a particular method of execution, such as lethal injection, fall within the core of federal habeas corpus or, rather, whether they are properly viewed as challenges to the conditions of a condemned inmate's death sentence. *See Nelson v. Campbell*, 541 U.S. 637, 643-44, 124 S.Ct. 2117, 2122, 158 L.Ed.2d 924 (2004). Although Dickson appears to use language similar to that relied upon in *Nelson*, his Complaint appears different, and more capable of being interpreted as the functional equivalent of a second or successive habeas application subject to the gatekeeping provisions of 28 U.S.C. § 2254(b). Even though Dickson

is careful to use the words "wholly unnecessary" in describing the drugs that he believes are intended to be used in the scheduled execution, this is where his similarity to Nelson's case ends. Unlike *Nelson*, the instant Complaint does not allege any specific representations by any of the defendants that any "cut down" procedure will be used. Further, although Nelson "alleged alternatives that, if they had been used, would have allowed the State to proceed with the execution as scheduled," the instant Complaint makes no such alternative allegations, potentially leaving no available drugs for the state to use to accomplish the execution. Although Dickson claims that alternative drugs are available, he identifies none and provides no alternative, which subjects this Complaint to the interpretation that it is the functional equivalent of a subsequent habeas petition. For this reason, the Court entered an order construing this Complaint as a successive habeas petition. Since Dickson has not obtained an order from the Court of Appeals authorizing this Court to consider such a subsequent petition, this Court found that it should be transferred to the Fifth Circuit Court of appeal for consideration on that ground. The Fifth Circuit Court of Appeals has transferred this method of execution complaint back to the Northern District of Texas to be decided pursuant to 42 U.S.C. § 1983.

### *Dilatory Filing*

Although the Supreme Court in *Nelson* left open the question of whether an inmate may make a cognizable civil rights claim regarding a method of execution, it did not approve the use of such claims to make last-minute attempts to enjoin executions.

> A stay is an equitable remedy and "equity must take into consideration the State's strong interest in proceeding with its judgment and . . . attempt[s] at manipulation." Thus, before granting a stay, a district court must consider not only the likelihood of success on the merits and the relative harm to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim. Given the State's significant interest in enforcing its criminal judgments, there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring the entry of a stay.

*Nelson*, 541 U.S. at 649-50, 124 S.Ct. at 2126 (citations omitted). Dickson has not overcome this presumption. Further, in considering this requirement, the Fifth Circuit Court of Appeals has held that although "'method of execution actions may be brought in a § 1983 suit instead of a habeas petition,'... the § 1983 claim should 'not unduly threaten the State's ability to carry out the scheduled execution.'" *White v. Johnson*, 429 F.3d 572, 573 (5th Cir. 2005)(quoting *Harris v. Johnson*, 376 F.3d 414, 416 (5th Cir.2004)). "[T]he fact that 'an inmate states a cognizable § 1983 claim does not warrant the entry of a stay as a matter of right,' and '[a] court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief.'" *White*, 429 F.3d at 573 (quoting *Nelson*, 541 U.S. at 649, 124 S.Ct. at 2125-26).

The Fifth Circuit has held that "[a] challenge to a method of execution may be filed any time after the plaintiff's conviction has become final on direct review." *Neville v. Johnson*, 440 F.3d 221 (5th Cir. 2006)(citing *White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005)), *cert. denied, Neville v. Livingston*, 126 S.Ct. 1192, 163 L.Ed.2d 1146 (2006). Furthermore, that Fifth Circuit has made it clear that waiting to file such a challenge shortly before a scheduled execution constitutes unnecessary delay. *Harris v. Johnson*, 376 F.3d 414, 417-19 (5th Cir. 2004), *cert. denied, Harris v. Dretke*, 542 U.S. 953, 124 S.Ct. 2933, 159 L.Ed.2d 836 (2004). Although his direct appeal has been final for over six years, Dickson did not file the instant complaint until the day of his scheduled execution. Dickson has had months if not years to file his suit, to seek discovery, and to litigate his request for relief under section 1983. He "cannot excuse his delaying until the eleventh hour on the ground that he was unaware of the state's intention to execute him by injecting the three chemicals he now challenges." *Harris*, 376 F.3d at 417.

Further, the Prison Litigation Reform Act of 1995 (PLRA) imposes limits on the scope and duration of preliminary and permanent injunctive relief, including a requirement that, before issuing

5

relief, "[a] court shall give substantial weight to any adverse impact on . . . the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1); *Nelson*, 541 U.S. at 650, 124 S.Ct. at 2126. The PLRA also mandates that a district court "shall," on its own motion, dismiss "any action brought with respect to prison conditions under section 1983 of this title . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from relief." 42 U.S.C. § 1997(d)(c)(1); *Nelson*, 541 U.S. at 650, 124 S.Ct. at 2126.

Dickson has been under a sentence of death by lethal injection since 1997. Although he has filed this Complaint on the day of his scheduled execution, he has not shown that he could not have presented either of these claims earlier, nor has he presented any alternative to this Court that would allow his scheduled execution to proceed. Therefore, the Court finds that Dickson has delayed unnecessarily in bringing his claims, that the instant complaint is a dilatory attempt to manipulate the judicial process, and that granting the requested injunction would unduly threaten the ability of the State of Texas to carry out the scheduled execution.

## ORDER

Having concluded that Plaintiff has waited too long to file his Complaint under 42 U.S.C. § 1983, it is, therefore, ORDERED that each of Plaintiff's claims for relief be and they are all hereby DENIED, and his Complaint is hereby DISMISSED.

Signed this the 26th day of April, 2007.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE